# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR80 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ROSAURA CARILLO-VELASQUEZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 47) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 35) filed by the Defendant, Rosaura Carillo-Velasquez ("Carillo"), be denied. Carillo filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 48, 49) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Carillo is charged in a three-count Indictment with: fraudulent misuse of documents, in violation of 18 U.S.C. § 1546(a) (Count I); falsely representing her status as a United States citizen, in violation of 18 U.S.C. § 911 (Count II); and false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (Count III). Carillo seeks the suppression of statements made to ICE Special Agent Gran at the site of her employer, the Fremont Beef Company, fingerprints taken at the detention center, forms generated as a result of her fingerprinting, and statements made to ICE Special Agent Anton at a detention center. (Filing No. 46, at 70-71.)

Following an evidentiary hearing, Judge Thalken issued his Findings and Recommendation, concluding: Carillo was not detained during Agent Gran's initial questioning at the site of Fremont Beef, and the initial questions regarding Carillo's name

and country of origin were routine and did not require the administration of *Miranda* warnings; Carillo was detained once Agent Gran believed Carillo was illegally in the United States, noting that Agent Gran had a reasonable basis to detain Carillo based on her responses to his related questions; Carillo was not interrogated until Agent Anton questioned Carillo at the ICE detention center after she waived her *Miranda* warnings; and Carillo's statements and her waiver of her *Miranda* rights were voluntary. Judge Thalken therefore recommends that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided an account of the events surrounding the Carillo's March 8, 2010, encounter with ICE agents. The Court has considered the transcript of the hearing conducted by Judge Thalken and carefully viewed the evidence. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.[1]

---

[1] Carillo does not object to Judge Thalken's factual findings.

**ANALYSIS**

Carillo objects, arguing: she was in custody at Fremont Beef; and she was interrogated at Fremont Beef.

***Custody***

Carillo argues that questions such as her name and place of birth were not routine because agents asked those questions with the intent to prosecute individuals during their administrative investigation at the Fremont Beef Company. Specifically, Carillo argues that she was not free to leave the premises and was subject to a "show of force" when placed in a room with other employees being questioned, shown identification by the ICE agent, and was then immediately questioned. Carillo's argument is not supported by case law.

Employees were gathered in a conference room to meet with ICE agents in civilian clothes with no outward display of identification. Agent Gran had a concealed firearm. Threats or force were not used. Those facts outweigh the fact that employees were not free to leave until they spoke with the agents. *United States v. Griffin,* 922 F.2d 1343, 1349 (8th Cir. 1990) (listing six factors for consideration in determining a custody issue, and emphasizing that a decision should not be reached based only on the number of factors that apply). Therefore, the Court concludes that Carillo was not in custody at the Fremont Beef Company.

***Whether Questioning Was Interrogation***

Carillo argues that the questions asking for her name and country of birth constituted interrogation requiring the administration of *Miranda* warnings because agents had an ulterior motive in asking those questions. The Eighth Circuit Court of Appeals has stated

that routine questions for basic information needed "for basic identification purposes is not interrogation under *Miranda*, even if the information turns out to be incriminating." *United States v. McLaughlin,* 777 F.2d 388, 391-92 (8th Cir. 1985); *United States v. Ochoa-Gonzalez,* 598 F.3d 1033, 1039 (8th Cir. 2010); *United States v. Garcia-Aguilar,* 2010 WL 3636274, at *6 (D. Neb. Aug. 12, 2010) (Report and Recommendation of Judge Thalken) (approved and adopted by U.S. District Judge Lyle E. Strom on September 9, 2010) (citing *McLaughlin* and *Ochoa-Gonzalez*). This case involves routine basic questions that led to incriminating answers and, therefore, falls within the realm of cases in which *Miranda* warnings were not required prior to the routine questioning. Therefore, the objection is denied.

Therefore,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 47) is adopted;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 48) are overruled;

3. The Defendant's motion to suppress (Filing No. 35) is denied.

DATED this 14th day of October, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge